

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 21, 1958

Honorable W.W. Kilgore
County Attorney
Victoria County
Victoria, Texas

Opinion No. WW-391

Re: Authority of the
county to condemn
a right of way ease-
ment over a railroad
right of way consisting
of four or more tracks.

Dear Mr. Kilgore:

In a recent request for an opinion of this of-
fice, you ask whether Victoria County, under Articles 1149
and 1150, Vernon's Civil Statutes, is authorized

"to condemn an easement over a rail-
road right of way connecting two streets,
which proposed crossing would cross four
tracks and an additional track or spur which
goes to a loading ramp, being five tracks in
all, in a community or unincorporated town
or city".

Articles 1149 and 1150 of Vernon's are Articles
1149 and 1150 of the Revised Civil Statutes of Texas, 1925.
They read:

"Art. 1149. Condemnation for highways.
--Any town or village in this State, incor-
porated under this chapter or by special
charter, shall have the right, and they are
hereby empowered, to condemn the right of
way and roadbed of any railroad company whose
roadbed runs within the corporate limits of
such town or village, when deemed necessary
and so declared, by a majority vote of the
board of aldermen, for the purpose of opening,
widening or extending the streets of such town
or village; provided, there are less than four
railroad tracks. Failing to agree on the damages

to be paid therefor, the mayor shall prepare
a statement in writing showing the point on
said railroad right of way where said street
is desired to be opened, widened or extended,
giving the width and length of that portion
of the right of way of the railroad sought to
be condemned, and describing it so that it can
be clearly identified, the object for which it
is sought to be condemned, the name and style
of the railroad company, and file the same with
the county judge of the county in which such
town or village is situated, whereupon proceed-
ings shall be had to condemn said right of way.
(Acts 1897, p. 216; G.L. Vol. 10, p. 1270)."
(Emphasis added.)

"Art. 1150. Commissioners court may con-
demn.--County commissioners shall have the
right, upon petition of twenty freeholders of
any community, or unincorporated town or city,
to condemn roadbed of railroads for the same
purpose mentioned in the preceding article."

Articles 1149 and 1150 were originally passed
by the Legislature as one act--Acts 1897, 25th Legislature,
page 216, chapter 151. It is therefore proper when inter-
preting Articles 1149 and 1150 to look to this original act
and likewise to consider said Articles to be in para materia.
39 Tex.Jur. page 263, Stats. § 139; 39 Tex.Jur. page 253,
Stats. § 135. When this is done we see that the primary ob-
jective of the original enactment was to enable towns, vil-
lages and population centers to remove obstructions caused
by railroads to public streets in their respective areas
through the medium of eminent domain. However, a qualifica-
tion was placed upon the method of achieving this primary
objective, condemnation was authorized over no more than
three railroad tracks. Article 1149 and 1150 carried into
codification the purpose and methods of the original act.
From an historical view it becomes obvious that the Legisla-
ture in enacting Article 1150 intended to confer to unincor-
porated towns or communities in the county only such condem-
nation powers as were conferred to incorporated towns and
villages by Article 1149, i.e., the right to condemn a rail-
road right of way consisting of less than four railroad tracks.
It would indeed be illogical to assume that the Legislature
by this enactment intended to grant to unincorporated commu-
nities greater condemnation powers than it granted to the
more densely populated incorporated communities in the county.
Clearly the restriction on the number of tracks that may be
condemned under Article 1149 applies to Article 1150.

This office, in Attorney General's Opinion No. 0-5352, 1943, has held that Articles 1149 and 1150 grant to the county commissioners court the power to condemn railroad rights of way over no more than three tracks. We believe that opinion to be correct in this respect. Therefore we inform you that Victoria County does not have authority under Articles 1149 and 1150 to condemn an easement in an unincorporated community over a railroad right of way to connect two streets which proposed crossing would cross four tracks and an additional spur track making five tracks in all.

## SUMMARY

Articles 1149 and 1150 do not authorize the County Commissioners Court of Victoria County to condemn a right of way across a railroad right of way consisting of five railroad tracks.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Milton Richardson*

Milton Richardson
Assistant Attorney General

MR:dhs:bh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Cecil C. Rotsch

Mark McLaughlin

John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY
GENERAL BY:

W.V. Geppert